IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FREDDIE LEE HOBSON,            §
                              §
            Plaintiff,         §
                              §
v.                            §        No. 3:24-cv-2356-S (BT)
                              §
DALLAS POLICE DEPARTMENT,      §
                              §
            Defendant.         §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Freddie Lee Hobson filed this civil rights action under 42 U.S.C. § 1983 against the Dallas Police Department (DPD). The allegations in the complaint itself are sparse and vague. Hobson alleges only that DPD did not file a "case" in violation of his due process rights. ECF No. 3 at 1. But Hobson attached documents to his complaint that provide additional context for his claims. He attaches a copy of a police report from October 2019 in which he complained that an individual, whom he had previously reported for assault, assaulted and robbed him. ECF No. 3 at 8. He also attaches copies of two citizen complaints in which he complained that there was no court date for "two felony cases"—including a hit and run case from 2018—and that the perpetrator bragged about how he "beat the case." *See* ECF No. 3 at 2, 3. Thus, Hobson appears to complain that DPD did not arrest, and that the State did not prosecute, an individual (or individuals) who

harmed him in 2018 and 2019.[1] But as set forth below, this kind of claim fails for several reasons.

The Court should dismiss this case with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief can be granted—unless Hobson satisfactorily shows through timely objections a basis to amend the complaint to allege a plausible claim.

## Legal Standards and Analysis

Because Hobson proceeds *in forma pauperis* (IFP), his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). Under that statute, a district court may summarily dismiss a complaint filed IFP if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is

---

[1] It is unclear whether the individual who injured Hobson in 2018 is the same person who assaulted and robbed him in 2019.

frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are "clearly baseless." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible[.]" *Id.* at 33 (citations omitted).

1. Hobson's claims against DPD should be dismissed because it is a nonjural entity.

DPD—the only defendant that Hobson sues—is a servient department that does not enjoy its own legal existence or capacity to sue or be sued under § 1983. Therefore, the Court should dismiss Hobson's claims against DPD. *See*, *e.g.*, *Gooden v. Todd,* 2020 WL 6586714, at *2 (N.D. Tex. Oct. 19, 2020) (DPD lacks authority to sue or be sued); *Johnson v. Dallas Police Dep't,* 2004 WL 2964968, at *2 (N.D. Tex. Dec. 15, 2004), *rec. accepted* 2005 WL 119467 (N.D. Tex. Jan. 18, 2005) (same).

2. Even if Hobson sued a proper defendant, his claims are not cognizable.

The Court understands Hobson to allege that DPD officers did not arrest, and that the State did not prosecute, someone who harmed him. To the extent that Hobson demands the arrest or prosecution of the individual or individuals who harmed him, it is well established that a victim has no standing under Article III of the Constitution to bring suit to demand the prosecution of the perpetrator of a crime. *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973); *see also Lefebure v.*

*D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021) (en banc) ("But longstanding Supreme Court precedent confirms that a crime victim lacks standing to sue a prosecutor for failing to investigate or indict her perpetrator, due to lack of causation and redressibility.") (citation omitted).

To the extent that Hobson alleges that some state actor failed to protect him from violence committed by private actors, he has not alleged that he enjoys any kind of special status or relationship that would impose such a duty on the state actor. The Fourteenth Amendment was enacted to "protect the people from the State, not to ensure that the State protect[s] them from each other." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989). "The Due Process Clause, the Court explained, forbids the State itself to deprive individuals of life, liberty or property without 'due process of law,' but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm by other means." *Cano v. Garcia*, 2021 WL 2582581, at *5 (W.D. Tex. June 22, 2021*), rec. accepted* 2021 WL 8444847 (W.D. Tex. July 13, 2021), *aff'd as modified* 2022 WL 1548671 (5th Cir. May 16, 2022) (internal citation marks omitted) (citing *DeShaney*, 489 U.S. at 195).

There are some instances where a state can create a "special relationship" with an individual, requiring the state to protect him from harm, such as "when the State takes a person into its custody and holds him there against his will" or when the State places children in foster care. *Id.* (citing *DeShaney*, 489 U.S. at 195); *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849,

856 (5th Cir. 2012) (citing *Griffith v. Johnston*, 899 F.2d 1427, 1439 (5th Cir. 1990)). But those special relationships do not exist here.

Nor can Hobson rely on the state-created danger exception to *DeShaney* to state a claim. "This exception has been recognized in other jurisdictions and focuses on the use of a state's authority to create a dangerous environment and deliberate indifference to the plight of the plaintiff." *Id.* (citing *Covington*, 675 F.3d at 865). "Yet, the Fifth Circuit has repeatedly declined to recognize this exception." *Id.* (citing *Keller v. Fleming*, 952 F.3d 216, 226-27 (5th Cir. 2020); *Est. of Lance v. Lewisville Indep. Sch. Dist.*, 743 F.3d 982, 1001 (5th Cir. 2014); *Covington*, 675 F.3d at 865); *see also Sterling v. City of Jackson, Mississippi*, ---F. Supp. 3d---, 2024 WL 420884, at *10 (S.D. Miss. Feb. 5, 2024) ("Defendants argue that the state-created danger theory of substantive due process liability is not legally cognizable in the Fifth Circuit. They are correct.") (citing *Fisher v. Moore*, 73 F.4th 367, 372 & n.13 (5th Cir. 2023)) (collecting cases and noting that the Fifth Circuit has "repeatedly declined to recognize" the state-created danger theory).

Even putting all those deficiencies aside, any claim premised upon a failure to protect or a state-created danger is untimely. The relevant statute of the forum state furnishes the limitations period for § 1983 claims, but federal law determines the accrual date. *See Owens v. Okure*, 488 U.S. 235 (1989). In Texas, claims under § 1983 are governed by Texas's two-year personal-injury limitations statute. TEX. CIV. PRAC. & REM. CODE § 16.003(a); *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759 (5th Cir. 2015). Under Fifth Circuit law, "the [limitations] period

begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (quoting *Russell v. Bd. of Trustees*, 968 F.2d 489, 493 (5th Cir. 1992)). Here, Hobson knew about his injury, at the latest, in November 2021 when he complained that the individual or individuals who harmed him had not been prosecuted. *See* ECF No. 3 at 2 (citizen complaint to DPD in which Hobson complained that he needed justice and that the perpetrator of a crime against Hobson was bragging about "beat[ing] the case"). But Hobson did not file this suit until September 18, 2024. Accordingly, his claims are time-barred.

In sum, Hobson's case should be dismissed. He only sued DPD, a nonjural entity. But even if had sued a defendant with a jural existence, he would lack standing to force the State to prosecute the individual or individuals who harmed him, and any claims premised upon a failure to protect or the state-created danger theory of substantive due process are not cognizable and are time-barred.

## Leave to Amend

The ability to file objections to this recommendation (further explained below) allows Hobson an opportunity to cure the deficiencies identified above and show the Court that this case should not be dismissed at this time and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some

notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave.") (citations omitted)). But if Hobson fails to show through timely objections that leave to amend should be granted, the Court should dismiss his claims with prejudice.

## Recommendation

Unless Plaintiff Freddie Lee Hobson satisfactorily shows through timely objections a basis to amend the complaint to allege a plausible claim, the Court should dismiss his complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B).

SO RECOMMENDED.

September 24, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).